UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV128-3-MU

| | |
|---|---|
| CHARLES A. RIPPY BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ROBERT JONES, ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed November 25, 2009 (Doc. No. 1) and his In Forma Pauperis Application. Petitioner's In Forma Pauperis Application will be Granted solely for the purpose of allowing this Court to entertain his § 2254 Petition. However, such Petition will be dismissed as time barred.

## I. Factual and Procedural Background

A review of the Petition reflects that on September 27, 1993 Petitioner pleaded guilty to one count of first degree sexual offense and was sentenced to life imprisonment. Petitioner did not file a direct appeal. Instead, Petitioner allowed almost ten years to pass before filing his first Motion for Appropriate relief ("MAR) on July 1, 2003. Petitioner's MAR was denied on July 8, 2003. Petitioner then filed a petition for writ of mandamus on March 1, 2005, which was denied on March 16, 2005. Petitioner filed a petition for writ of certiorari on February 22, 2006 which was dismissed on February 22, 2006. Petitioner filed a second MAR on December 3, 2007 which was denied on December 7, 2007. Petitioner then filed a petition for writ of certiorari on

1

August 29, 2008 which was denied on September 11, 2008. Petitioner filed a third MAR on October 15, 2009 which was denied on October 30, 2009. On November 5, Petitioner filed a petition for writ of certiorari on November 5, 2009 which was also denied. Petitioner filed the instant Petition for Writ of Habeas Corpus on November 25, 2009.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B)  the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on September 27, 1993 and did not directly appeal. Instead, Petitioner allowed almost ten years to pass after his conviction and sentence <u>before</u> he initiated his unsuccessful collateral review proceedings in the North Carolina courts on July 1, 2003. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner waited almost ten years after his conviction and sentence before he initiated the collateral review process. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.[1]

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> form to comply with <u>Hill</u>. The new forms now includes a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, albeit unsuccessfully, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him. The Court further notes that Petitioner's response shows no confusion and demonstrates that he understood the timeliness issues because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. <u>See</u> <u>Bilal v. North Carolina</u>, 287 Fed. App'x 241 (4th Cir. 2008).

3

own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, Petitioner concedes that his Petition is untimely and explains that he was unable to read or write at the time of his trial, his "court appointed attorney didn't apply within the time limit," the prison had no law library and because he was 'kidnapp from my county to be placed on safekeeping into I turn 17." (Motion at 16.) Petitioner's stated reasons for filing his Petition almost ten years after his conviction simply do not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely. Moreover, Petitioner's In Forma Pauperis Application is GRANTED solely for the purpose of allowing the Court to entertain his § 2254

Petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: December 1, 2009

Graham C. Mullen
United States District Judge